ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7193
    FAX: (415) 436-6982
    nikhil.bhagat@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 21-306 EMC (AGT) |
| Plaintiff, | |
| v. | [PROPOSED] ORDER OF DETENTION PENDING TRIAL |
| LUIS ANTONIO TZUN-MAGANA, | |
| Defendant. | |

The Court initially released the defendant on July 1, 2021, pursuant to a $10,000 unsecured bond, with his romantic partner, Deyanira Espinosa-Lopez, acting as a surety and custodian. On July 25, 2023, the Court held a bail review hearing. The defendant did not appear for the hearing, and the United States orally moved for a bench warrant and initiated a proceeding for revocation of release pursuant to 18 U.S.C. § 3148.[1] The Court issued a warrant for the defendant's arrest.

On April 23, 2024, Mr. Tzun-Magana was arrested on the bench warrant and brought before the Court. The United States renewed its motion for revocation of bond and sought pretrial detention. Mr. Tzun-Magana sought release. The Court directed Pretrial Services to investigate the possibility of a

---

[1] The minutes reflect that the warrant was issued under 18 U.S.C.§ 3146, the criminal failure to appear statute, see ECF No. 69, but that was likely an error.

residential drug treatment program and continued the hearing to April 29, 2024. On April 26, 2024, the United States filed a Memorandum in Support of its Motion for Revocation of Release (ECF No. 77). moved for Mr. Anderson's detention pending the final disposition of the allegations against him. At the hearings on April 23, 2024 and April 29, 2024, counsel for the defendant and counsel for the Government submitted proffers and argument on the issue of detention and what conditions, if any, would reasonably assure the appearance of the defendant as required and the safety of the community. The Court considered those proffers and arguments, the government's written memorandum, and information received from the Pretrial Services office.

Under 18 U.S.C. § 3148(b), if the Court finds by clear and convincing evidence that a defendant has violated a condition of release, and also finds either that there is no condition or combination of conditions that would reasonably assure the defendant will not flee or pose a danger, or that the defendant is unlikely to abide by any condition or combination of conditions of release, it must order the defendant detained.

Here, for the reasons set forth in the government's memorandum (ECF No. 77), and as stated on the record on April 23, 2024 and April 29, 2024, the Court finds the following:

(1) By clear and convincing evidence, the Court finds that the defendant has violated several conditions of his release, including the following:

    a. Defendant must appear at all proceedings as ordered by the Court and must surrender for service of any sentence imposed;

    b. Defendant must submit to supervision by Pretrial Services and must report immediately upon release and thereafter as directed to Pretrial Services;

    c. Defendant must submit to drug and/or alcohol testing as directed by Pretrial Services;

    d. Defendant must participate in substance abuse treatment, on an outpatient or residential basis, as directed by Pretrial Services.

(2) By a preponderance of the evidence, the Court finds that there is no condition or combination of conditions of release that will assure that the defendant will not flee, *see* 18 U.S.C. § 3148(b)(2)(A), and that the defendant is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2)(B).

1     For these reasons, pursuant to Title 18, United States Code, Section 3142(i),

2     IT IS HEREBY ORDERED that the defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    Nothing in this Order precludes the defendant from seeking to reopen the detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

    IT IS SO ORDERED this __29th__ day of April, 2024.

_____
THE HONORABLE ALEX G. TSE
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER OF DETENTION
CR 21-306 EMC (AGT)    3